IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MONICA WALL-JONES** **PLAINTIFF**

**V.** **CAUSE NO. 3:12-CV-00525-CWR-LRA**

**HINDS BEHAVIORAL HEALTH SERVICES** **DEFENDANT**

**ORDER DENYING MOTION TO DISMISS**

Before the Court is Defendant's motion to dismiss on the grounds of Eleventh Amendment immunity [Docket No. 11]. Having considered the parties' submissions and relevant law, the Court finds that the motion must be DENIED without prejudice.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Monica Wall-Jones alleges that Defendant Hinds Behavioral Health Services ("HBHS") violated the Americans with Disability Act "by terminating [her] due to her disability." Docket No. 7, at 4 (Complaint). Plaintiff contends that HBHS fired her after she missed several weeks of work to undergo cancer treatment, and subsequently missed an additional week of work as a result of being hospitalized. Plaintiff filed her Complaint in the Circuit Court of Hinds County, Mississippi, asserting that HBHS is "a Mississippi Corporation." *Id.* at 2. HBHS removed the action to this Court and filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending that HBHS is a state agency that is "immune from suits by private parties under the Eleventh Amendment to the United States Constitution." Docket No. 11, at 2.[1]

---

[1] HBHS incorporated a motion to dismiss in its answer and affirmative defenses. *See* Docket No. 5, at 1-2. Subsequently, it filed a renewed motion to dismiss [Docket No. 11], along with a motion to withdraw the initial motion to dismiss [Docket No. 13]. The Court grants the motion to withdraw [Docket No. 13], and denies without prejudice the initial motion to dismiss [Docket No. 5]. In this Order, any reference to HBHS's motion to dismiss relates to the renewed motion to dismiss [Docket No. 11].

In support of HBHS's contention that it is immune from suit, HBHS refers to itself as "Hinds County Mental Health Commission d/b/a Hinds Behavioral Health Services." Docket No. 11, at 1. HBHS is one of fifteen regional mental health centers in the state of Mississippi that provide a major component of the state's mental health services. *See* Miss. Admin. Code 15-5-5 (FY 2012 State Health Plan). Each regional center operates under the supervision of a regional commission that is appointed by the boards of supervisors of the counties in the commission's service area. Miss. Code Ann. § 41-19-33. Of the fifteen service areas, Hinds County Mental Health Commission provides services to Region Nine.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal on the basis of a district court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The plaintiff, as the party asserting jurisdiction, bears the burden of proof that jurisdiction does exist. *Id.* However, if the defense only makes a "facial attack" upon subject matter jurisdiction by "merely fil[ing] a Rule 12(b)(1) motion, the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

A defendant may make a "factual attack" upon the court's subject matter jurisdiction over the lawsuit by submitting "affidavits, testimony, or other evidentiary materials." *Id. See, e.g.*,

2

*Walton v. Allied Enters.*, No. 3:04CV818, 2007 WL 2917026, at *2 (S.D. Miss. Oct. 5, 2007) (concluding that entity was arm of the state based upon affidavit of Director of the Mississippi Department of Rehabilitation Services' Office of Vocational Rehabilitation).  When a defendant makes a factual attack, the plaintiff must also "submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson*, 644 F.2d at 523.  Dismissal on the basis of lack of subject matter jurisdiction is appropriate "only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."  *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citation and quotation marks omitted).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is warranted only when the plaintiff fails to state a claim for which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss pursuant to Rule 12(b)(6), a court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

III. ANALYSIS

The Eleventh Amendment grants sovereign immunity to states facing claims in federal

3

courts, and that immunity extends to state agencies or other political entities that are deemed the "alter egos" or "arms" of the state. *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002). The Eleventh Amendment's protections do not, however, extend to political entities that have an identity sufficiently distinct from that of the state, *id.* at 689, which includes "lesser governmental entities such as counties and municipalities." *Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 596 (5th Cir. 2006). The Eleventh Amendment applies only when "the state is the real, substantial party in interest," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984), such as when a judgment will be paid from the state treasury. *See Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129, 131-32 (5th Cir. 1986); *Black*, 461 F.3d at 596 ("[T]he fundamental purpose of the Eleventh Amendment [is] protecting state treasuries . . . .").

To determine whether an entity is an arm of the state that is entitled to Eleventh Amendment sovereign immunity, the Court considers six factors: (1) whether the state statutes and case law characterize the agency as an arm of the state; (2) the source of funding for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local rather than state-wide problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991). A defendant need not satisfy all of the factors to benefit from the Eleventh Amendment, and some factors weigh more heavily than others. *Hudson v. City of New Orleans*, 174 F.3d 677, 681-82 (5th Cir. 1999). Specifically, the source of funding is the most important factor, and the last two factors are least important. *Id.* at 682.

Without mentioning the six factors or providing any evidence to contest Plaintiff's

assertion in her Complaint that HBHS is a Mississippi corporation, HBHS alleges that it is "an arm of the State of Mississippi and, therefore, is immune from suits by private parties under the Eleventh Amendment to the United States Constitution." Docket No. 11, at 2. However, in addition to failing to address the relevant factors, HBHS has made only a facial attack on subject matter jurisdiction. It has submitted no affidavits or similar evidence to support its claim of being an arm of the state; therefore, HBHS is not entitled to dismissal under Rule 12(b)(1) or Rule 12(b)(6) at this juncture, as the allegations in Plaintiff's Complaint are sufficient to allege jurisdiction. *See Paterson*, 644 F.2d at 523 ("Since here we have only a 'facial attack' and not a 'factual attack,' our review is limited to whether the complaint is sufficient to allege the jurisdiction."); *Iqbal*, 556 U.S. at 678. Furthermore, having reviewed the authority on which HBHS relies to support its motion, including the statute authorizing the mental health regional commissions, Miss. Code Ann. § 41-19-33, the Court cannot conclude that Plaintiff is incapable of proving a plausible set of facts that can establish that HBHS is not an arm of the state.[2] The Plaintiff is at least entitled to discovery on this issue.

The Court also notes that HBHS's position that it is an arm of the state is grounded largely on its assertion that it is a political subdivision of the state. However, under Eleventh Amendment jurisprudence, "[n]ot all political subdivisions are automatically immunized when the state is immunized." *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). Only

---

[2] For example, the statute authorizing the regional commissions provides that the members of each regional commission are appointed by the boards of supervisors of the various counties in the region, and that each regional commission provides services primarily to "the people of the region so designated." Miss. Code Ann. § 41-19-33(1)(a), (b), (c), (f). Furthermore, regional commissions receive funds from many sources, including local, state, federal, and private sources, and may borrow money and dispose of property. *See* §§ 41-19-33, -39. These provisions, alone, do not suggest that the state is the real, substantial party in interest in matters regarding the regional commissions and/or regional centers.

political subdivisions that "stand[] in the shoes of the state itself" benefit from sovereign immunity. *Id.* (quotation marks and citation omitted); *see also Hudson*, 174 F.3d at 681 ("Courts are frequently put in the position of deciding whether the defendant being sued is better described as an arm of the state partaking in the privileges of Eleventh Amendment immunity or whether the defendant is actually part of a political subdivision unprotected by the Eleventh Amendment."). None of the cases on which HBHS relies have addressed the issue of whether regional mental health commissions and/or centers are arms of the state. *See, e.g.*, *Region VII, Mental Health-Mental Retardation Ctr. v. Isaac*, 523 So. 2d 1013, 1014-18 (Miss. 1988) (addressing only the issue of whether a regional mental health center is a political subdivision that has sovereign immunity against tort claims in state court, not whether the commission is an arm of the state that enjoys Eleventh Amendment sovereign immunity in a federal action); *City of Hattiesburg v. Region XII Comm'n on Mental Health & Retardation*, 654 So. 2d 516, 516-518 (Miss. 1995) (relying on *Isaac* to assert that "[i]t is clear that the Commission is a subdivision of the state," although not analyzing whether a regional commission is an arm of the state). As such, those cases, without more, are insufficient to establish that HBHS is entitled to Eleventh Amendment sovereign amendment.[3]

---

[3] HBHS also relies on *Dansby-Giles v. Jackson State Univ.*, 3:10CV214TSL-FKB, 2011 WL 1297145 (S.D. Miss. Mar. 31, 2011), to argue that as a subdivision of the state, it enjoys Eleventh Amendment immunity against Plaintiff's ADA claims. *See* Docket No. 12, at 3-4. However, HBHS's reliance on *Dansby-Giles* is erroneous. Federal and state courts have long since determined that Mississippi's public universities enjoy Eleventh Amendment sovereign immunity because they are arms of the state of Mississippi. *See Everhart v. Univ. of Miss.*, 695 F. Supp. 883, 884 (S.D. Miss. 1988) ("Under Mississippi law, the University of Mississippi is an arm of the State of Mississippi.") (citing *Jagnandan v. Miss. State Univ.*, 373 So. 2d 252, 253 (Miss. 1979), which states that "the state institutions of higher learning are arms of . . . the state"). However, HBHS has pointed to no case law or evidence that supports its assertion that it is an arm of the state.

## IV. CONCLUSION

Based on the foregoing, HBHS's motion to dismiss on the basis of sovereign immunity is DENIED without prejudice.

**SO ORDERED**, this 3rd day of January, 2013.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE